**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

METROPOLITAN LIFE INSURANCE COMPANY,

Plaintiff,

vs. Case No. 3:11-cv-967-J-34JRK

JAMES JACKSON, et al.,

Defendants.
______________________________________/

**REPORT AND RECOMMENDATION**[1]

**I. Status/Background**

This cause is before the Court on the remaining portion of Plaintiff Metropolitan Life Insurance Company's Amended Motion for Interpleader and For Dismissal From This Action With Prejudice and Response to the Court's October 23, 2012 Order (Doc. No. 29; "Motion"), filed November 19, 2012, and accompanying Notice of Updated Local Rule 3.01(g) Certificate of Compliance (Doc. No. 30; "Notice"), filed December 4, 2012.

Plaintiff initiated this interpleader action on September 27, 2011 against nine Defendants, all of whom could potentially have claims to certain "Plan Benefits" totaling $16,200.00. See Compl. (Doc. No. 1); Motion at 2. Plaintiff contends that Tony King, an employee of KAR Holdings, Inc., who is now deceased, was "a participant in the KAR

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

Holdings, Inc. Group Term Life and Long Term Disability Plan (the 'Plan'), an ERISA[[2]]-regulated employee welfare benefit plan sponsored by KAR Holdings, Inc., and funded by a group life insurance policy issued by [Plaintiff]." Compl. at 3 ¶ 13. Upon the death of Mr. King, "[t]he Plan Benefits became payable to the proper beneficiary or beneficiaries . . . pursuant to the terms of the Plan." Id. at 4 ¶ 20. Plaintiff contends that "as a fiduciary," it "must administer claims in accordance with ERISA and the documents and instruments governing the Plan." Id. at 3 ¶ 14. Plaintiff has received multiple claims for the Plan Benefits, and it "cannot determine the proper beneficiary or beneficiaries of the Plan Benefits at issue without risking exposure of itself, the Plan, and KAR Holdings, Inc. to double liability." Id. at 4-6 ¶¶ 21-30, 35. All nine Defendants named by Plaintiff in the Complaint are individuals (or, in one case, an Estate of a deceased individual) who Plaintiff has identified as potential beneficiaries.

Part of the relief initially sought by Plaintiff in the instant Motion was the appointment of an administrator ad litem for one of the Defendants, the Estate of Timothy Wright a/k/a Timothy Wright Solomon. Motion at 10. By Order entered June 3, 2013 (Doc. No. 31), the undersigned denied the portion of the Motion seeking to appoint an administrator ad litem. Plaintiff later voluntarily dismissed with prejudice that Defendant (the Estate of Timothy Wright a/k/a Timothy Jerome Solomon). See Notice of Dismissal With Prejudice as to Defendant The Estate of Timothy Wright a/k/a Timothy Jerome Solomon (Doc. No. 32), filed June 10, 2013; Order (Doc. No. 33), entered June 11, 2013.

---

[2] The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., is commonly referred to as "ERISA."

The status of the remaining Defendants is as follows. Despite being served by publication, see Orders (Doc. Nos. 18, 19); Notice (Doc. No. 20), two Defendants have not appeared in this matter: Tonette Morgan and Tarsha Gates. The Clerk has entered defaults against them. See Clerk's Entries of Default (Doc. Nos. 35, 36). The other six Defendants have appeared and are representing themselves. With the help of a private mediator, the six Defendants who have appeared have reached a settlement regarding distribution of the Plan Benefits. See Order (Doc. No. 26), entered October 23, 2012. The Court is not privy to the terms of the settlement.

In what remains of the instant Motion, Plaintiff seeks the entry of an Order that does the following: (1) approves the interpleader Complaint filed by Plaintiff; (2) permits Plaintiff to deposit the Plan Benefits, plus any applicable interest, into the registry of the Court and thereafter dismisses Plaintiff with prejudice from this action and discharges Plaintiff, the Plan, and KAR Holdings, Inc. from any further liability for the Plan Benefits, plus applicable interest[3]; (3) directs the Clerk to deduct from the Plan Benefits any fees payable to the Clerk's Office; (4) restrains and enjoins Defendants from instituting any action against Plaintiff, the Plan, and KAR Holdings, Inc. for the recovery of the Plan Benefits, plus any applicable interest; and (5) if the settlement is not consummated, requires that Defendants litigate their claims for the Plan Benefits, plus applicable interest. Motion at 10. Defendants James Jackson, Anthony Harris, Hazel King, and Jeannette Smith have all indicated that they do not oppose the relief requested. Notice at 2. Defendant Rudolph King has not

[3] Plaintiff has graciously agreed to waive any entitlement it may have to attorney's fees. Motion at 7.

clearly indicated one way or the other whether he objects, and Defendant Ralph King was not able to be reached. Id. The Court has not received any response to the Motion, so it is therefore deemed to be unopposed.

## II. Discussion

### A. Jurisdiction

Before addressing the relief sought by Plaintiff, it is necessary to determine whether the Court may exercise subject-matter jurisdiction in this interpleader action. An interpleader action is typically initiated pursuant to Rule 22, Federal Rules of Civil Procedure ("Rule(s)") (commonly referred to as "Rule interpleader"), or pursuant to 28 U.S.C. § 1335 (commonly referred to as "statutory interpleader"). Rule interpleader requires that the Court be able to exercise either diversity jurisdiction (including complete diversity of citizenship) or federal question jurisdiction. See Conn. Gen. Life Ins. Co. v. Riner, 351 F. Supp. 2d 492, 496 (W.D. Va. 2005) (stating "[R]ule 22 is merely a procedural device" and "the rule allows federal courts to hear interpleader actions when the underlying controversy could have been heard in federal court through diversity or federal question jurisdiction") (quotations and citations omitted). Statutory interpleader, by contrast, "requires minimal diversity between the claimants, that is, at least one claimant must be of diverse citizenship from another claimant." Ohio Nat. Life Assurance Corp. v. Langkau, 353 F. App'x 244, 249 (11th Cir. 2009) (citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967)); see 28 U.S.C. § 1335(a)(1). In addition, statutory interpleader requires "money or property of the value of $500 or more[.]" 28 U.S.C. § 1335(a).

Plaintiff contends in the Complaint that the basis of this Court's jurisdiction is as follows:

> This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended . . . , 29 U.S.C. § 1001, et seq. Further, this is an interpleader action pursuant to Rule 22 . . . . This Court also has jurisdiction pursuant to 28 U.S.C. § 1335 because two or more adverse claimants of diverse citizenship are claiming entitlement to life insurance benefits in Plaintiff's custody the value of which exceeds $500.

Compl. at 2-3 ¶ 11.

At least one circuit, the United States Court of Appeals for the Third Circuit, has held that when Plan Benefits are payable under an ERISA benefits plan (such as the one at issue here), federal question jurisdiction exists to support a Rule interpleader claim. See Met. Life Ins. Co. v. Price, 501 F.3d 271, 275-77 (3d Cir. 2007); see also Atkins v. Met. Life Ins. Co., No. 6:12-cv-475-Orl-36KRS, 2013 WL 1881593, at *2 n.2 (M.D. Fla. Mar. 28, 2013) (unpublished report and recommendation recognizing holding in Price), adopted, 2013 WL 1881586 (M.D. Fla. May 6, 2013) (unpublished order); Met. Life Ins. Co. v. Deveer, No. 1:11-cv-259-SPM-GRJ, 2012 WL 4009218, at *1 (N.D. Fla. Aug. 13, 2012) (unpublished report and recommendation finding same as Price), adopted, 2012 WL 4009507 (N.D. Fla. Sept. 12, 2012) (unpublished order). Regarding diversity to support a statutory interpleader, the Complaint alleges that Plaintiff is a corporation organized under the laws of the State of New York, with its principal place of business in New York. Compl. at 1 ¶ 1. Defendants are alleged to "reside[]" in the following places: Defendant Tonette Morgan in Jacksonville Florida; Defendant Tarsha Gates in Baltimore, Maryland; Defendant Anthony Harris in Jacksonville, Florida; Defendant James Jackson in Schweinfurt, Germany; Defendant Ralph

King in Jacksonville, Florida; Defendant Hazel King in Jacksonville, Florida; Defendant Randolph King in Mableton, Georgia; and Defendant Jeannette Smith in Jacksonville, Florida. Id. at 1-2 ¶¶ 2-10. "Assuming that the allegations of the place of residence are sufficient to allege citizenship of individuals," Atkins, 2013 WL 1881593, at *2,[4] Defendants are minimally diverse as required. In addition, the amount of money at issue, $16,200.00, see Compl. at 4 ¶ 20, is in excess of the statutory interpleader amount of $500.00 that is required, see 28 U.S.C. § 1335(a).[5] In light of the foregoing observations, the Court finds that it has subject-matter jurisdiction.

**B. Relief Sought in Motion**

Plaintiff asks the Court to approve its "Complaint in Interpleader against the Defendants[.]" Motion at 10. "Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." In re Mandalay Shore Co-op. Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). "Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund." Langkau, 353 F. App'x at 248 (citing Fed. R. Civ. P. 22(a)(1)). The party seeking interpleader has the burden of showing it "'has been or may

---

[4] As noted by the Court in Atkins, "[t]he place of citizenship is where an individual is domiciled, not merely where the individual resides." Atkins, 2013 WL 1881593, at *2 n.1 (citing McDonald v. Equitable Life Ins. Co., 13 F. Supp. 2d 1279, 1280-81 (M.D. Ala. 1998)). Defendants here have made no suggestion that they are not domiciled in their respective places of residence.

[5] The statute permitting statutory interpleader requires a plaintiff to deposit the amount of money in controversy into the registry of the court. 28 U.S.C. § 1335 (a)(2). Plaintiff has requested to deposit the money, and by this report and recommendation, the undersigned recommends that Plaintiff be directed to do so.

be subjected to adverse claims.'" Id. (quoting Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974)). "When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." Id. (citing United States v. High Tech Prods., Inc., 497 F.3d 637, 641-42 (6th Cir. 2007)).

Here, Plaintiff contends it has received multiple claims to the Plan Benefits, and it "cannot determine the proper beneficiary or beneficiaries of the Plan Benefits at issue without risking exposure of itself, the Plan, and KAR Holdings, Inc. to double liability." Compl. at 4-6 ¶¶ 21-30, 35. Upon review of the Complaint, the Court finds that this interpleader action is properly brought, and Plaintiff is entitled to "avoid the vexation and expense of resisting competing claims." Deveer, 2012 WL 4009218, at *2. Accordingly, the Motion is due to be granted to the following extent: (1) Plaintiff should be required to deposit the Plan Benefits, plus any applicable interest, into the registry of the Court; (2) once the Court receives the monies, Plaintiff should be dismissed with prejudice from this action, and Plaintiff, the Plan, and KAR Holdings, Inc. should be discharged from any further liability for the Plan Benefits, plus any applicable interest; (3) any fees payable to the Clerk's Office should be deducted from the Plan Benefits; and (4) Defendants should be restrained and enjoined from instituting any action against Plaintiff, the Plan, and KAR Holdings, Inc. for the recovery of the Plan Benefits, plus any applicable interest.

**C. Other Matters**

As to Defendants Tonette Morgan and Tarsha Gates, the Court finds that this is an appropriate circumstance to sua sponte enter a default judgment. All of the remaining Defendants, who would be expected to litigate the issue of whether a default judgment is

warranted, are proceeding pro se. The Court has inherent authority in appropriate circumstances to sua sponte enter a default judgment, see Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 888 (8th Cir. 1968), that in an interpleader action, serves to "terminate[ the] party's interest in the fund at issue." State Farm Mut. Auto. Ins. Co. v. Wagnon, 959 F.2d 245, *1 (10th Cir. Mar. 30, 1992) (unpublished table decision) (collecting cases). Upon review of the circumstances of this particular case and given their failure to appear in this matter and launch claims to the Plan Benefits, a default judgment should be entered against Tonette Morgan and Tarsha Gates, that shall serve to terminate their respective interests, if any, in the Plan Benefits at issue, plus applicable interest.[6]

As to Defendants James Jackson, Anthony Harris, Hazel King, Jeannette Smith, Randolph King, and Ralph King, the Court was previously advised that they have reached a settlement agreement regarding the Plan Benefits. It is recommended, therefore, that the mediator be requested to submit a detailed report to the Court setting out the terms of the settlement so that the Court may enter an Order directing the disbursement of the funds to Defendants in accordance with their settlement and dismissing this matter with prejudice.

---

[6] The Court notes that pursuant to the Servicemembers Civil Relief Act, a plaintiff moving for a default judgment is normally required to

> file with the court an affidavit–
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521. Given that Plaintiff here has not moved for the default judgment, and given that both of the Defendants at issue were unable to be located despite Plaintiff's diligence in attempting to do so (see Motion for Service by Publication (Doc. No. 17)), in this particular circumstance, the undersigned does not deem it necessary for Plaintiff to file an affidavit. It can be surmised from the file that Plaintiff has not been able to determine whether Defendants are in the military.

Prior to the entry of an Order disbursing the funds and dismissing this matter with prejudice, the remaining Defendants should be provided with an opportunity to file objections, if they have any, to the reported terms of the settlement.[7]

## III. Conclusion

After due consideration, it is

**RECOMMENDED:**

1. That the remaining portion of Plaintiff Metropolitan Life Insurance Company's Amended Motion for Interpleader and For Dismissal From This Action With Prejudice and Response to the Court's October 23, 2012 Order (Doc. No. 29) be **GRANTED to the following extent**:

    A. Plaintiff should be ordered to deposit the Plan Benefits, plus any applicable interest, into the registry of the Court within **ten (10) days** of the entry of an Order on this matter;

    B. once the Court receives the monies, Plaintiff should be dismissed with prejudice from this action, and Plaintiff, the Plan, and KAR Holdings, Inc. should be discharged from any further liability for the Plan Benefits, plus any applicable interest;

    C. any fees payable to the Clerk's Office should be deducted from the Plan Benefits; and

---

[7] Although interpleader actions normally proceed in two phases, in which first the plaintiff is relieved of liability and second the claims of the adverse defendants are adjudicated, "this bifurcation is not mandatory, . . . and the entire action may be disposed of at one time." N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983) (citation omitted). Given that the remaining Defendants settled their claims to the Plan Benefits some time ago, the Court determines that this case is appropriate for disposition at once.

D. Defendants should be restrained and enjoined from instituting any action against Plaintiff, the Plan, and KAR Holdings, Inc. for the recovery of the Plan Benefits, plus any applicable interest.

2. That the Clerk be directed to enter a default judgment against Defendants Tonette Morgan and Tarsha Gates, which shall serve to terminate these Defendants' respective interests, if any, in the Plan Benefits at issue, plus applicable interest.

3. That as to the remaining Defendants James Jackson, Anthony Harris, Hazel King (a/k/a Halel Shuman, a/k/a Hazel Sherman), Jeannette Smith, Randolph King (a/k/a Rudolph King), and Ralph King:

A. The Court request of the mediator (Richard M. Stoudemire, Esquire) to file, within **fourteen (14) days** of the entry of an Order on this matter, a detailed report with the Court setting out the terms of the settlement so that the Court may enter an Order directing the disbursement of the Plan Benefits (including the applicable interest) to Defendants in accordance with their settlement agreement; and further the Court should request that the mediator simultaneously serve the detailed report on the pro se Defendants at the following addresses:

i. James Jackson
3005 Muntjac
Schertz, TX 78154

ii. Anthony Harris
2303 W. 25th St.
Jacksonville, FL 32201

iii. Hazel King a/k/a Halel Shuman a/k/a Hazel Sherman
1114 Mcconihe St.
Jacksonville, FL 32209

iv. Jeannette Smith
904 Townsend Blvd.
Jacksonville, FL 32211

v. Randolph King a/k/a Rudolph King
1269 Vonda Lane SW
Mableton, GA 30126

vi. Ralph King
2711 N. Market St.
Jacksonville, FL 32206-2959

B. Defendants should be ordered to file with the Court and serve on all other Defendants any objections to the proposed terms of the settlement and proposed disbursement of the Plan Benefits, plus interest, within **twenty (20) days** of the receipt of the mediator's report;

C. In the absence of receiving any objections, the Court should direct the Clerk to disburse the Plan Benefits (plus applicable interest) in accordance with the parties' agreement; and dismiss this matter with prejudice.

4. **Defendants are advised that it is very important for the Court to have their correct addresses, because the monies from the Plan Benefits will be disbursed to Defendants at the above-listed addresses. If Defendants' addresses listed in**

**paragraph 3 above should change at any time, they should immediately file a notice with the Court containing a new address.**

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 12, 2013.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:
Counsel of Record
Pro se parties